IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

CHRISTOPHER A. LYNCH, :
　:
　　Plaintiff, :
　:
VS. :
　: NO. 7:14-CV-0024-HL-TQL
　:
SHARON LEWIS, M.D., and :
BILLY NICHOLS, M.D.,[1] :
　:
　　Defendants. : PROCEEDINGS UNDER 42 U.S.C. § 1983
　: BEFORE THE U. S. MAGISTRATE JUDGE

**ORDER AND RECOMMENDATION**

Plaintiff **CHRISTOPHER A. LYNCH**, an inmate currently confined at Valdosta State Prison, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff also seeks leave to proceed without prepayment of the $350.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). Based on Plaintiff's submissions, the Court finds that Plaintiff is presently unable to pre-pay any portion of the filing fee. The Court thus **GRANTS** Plaintiff's Motion (Doc. 2) to proceed without prepayment and waives the initial payment required by 28 U.S.C. § 1915(b)(1).[2] Plaintiff is still obligated, however, to eventually pay the full $350.00 filing fee using the payment plan set forth in § 1915(b) and ordered herein. For this reason, the Clerk is **DIRECTED** to send a copy of this Order to the warden or business manager at Valdosta State Prison.

---

[1] It is clear on the face of the Complaint that only two Defendants are named in this action. The Georgia Department of Corrections is not a party, and the Clerk is **DIRECTED** to amend the Docket accordingly.
[2] A review of court records on the U.S. District Web PACER Docket Report reveals that Plaintiff does not have any strikes for the purposes of 28 U.S.C. § 1915(g).

1

The undersigned has now also conducted a preliminary review of Plaintiff's Complaint, as required by 28 U.S.C. §1915A(a), and will allow Plaintiff's Eighth Amendment claims (Counts I, II, III, and VI) to go forward for further factual development. It is **RECOMMENDED**, however, that Plaintiff's equal protection claims (Count VII), state law claims (Count IV), and "Declaration of Human Rights" claims (Count V) be **DISMISSED** for failure to state a claim. See 28 U.S.C. § 1915A(b)(1).

## STANDARD OF REVIEW

When conducting a preliminary screening pursuant to 28 U.S.C. § 1915A(a), the district court must accept all factual allegations in the complaint as true. Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings, like the one in this case, are also "held to a less stringent standard than pleadings drafted by attorneys" and must be "liberally construed" by the court. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). However, a *pro se* prisoner's pleading is still subject to dismissal prior to service if the district court finds that the complaint –when viewed liberally and in the light most favorable to the plaintiff – is frivolous or malicious, seeks relief from an immune defendant, or otherwise fails to state a claim upon which relief may be granted. See 28 U.S.C. §1915A(b).

A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). To state a cognizable claim, the allegations in the complaint must also do more than "merely create[] a suspicion [of] a legally cognizable right of action." Id. at 555; see also, Marsh v. Butler County, Ala., 268 F.3d 1014, 1037 (11th Cir. 2001) (en banc) (citation omitted) ("Pleadings

must be something more than an ingenious academic exercise in the conceivable."). "Threadbare recitals of the elements of cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 663, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). To survive preliminary review, a prisoner's complaint must "raise the right to relief above the speculative level" by alleging facts which create "a reasonable expectation" that discovery will reveal the evidence necessary to prove a claim. See Twombly, 550 U.S. at 555-556.

## PRELIMINARY REVIEW

The present action arises out an alleged denial of medical care. Plaintiff, a self-described "transsexual inmate," alleges that Defendants Sharon Lewis and Billy Nichols have violated (and are still violating) her Eighth Amendment rights by refusing to approve treatment for her Gender Identity Disorder (GID).[3] Such treatment, including hormone therapy, is apparently approved for inmates who were already undergoing treatment for GID prior to their incarceration. The policy of the Georgia Department of Corrections (S.O.P. VH47-0006) is only to maintain the treatment, however. The policy does not allow GID treatment to be initiated in prison. Plaintiff did not begin treatment for GID prior to her incarceration. Defendants have thus denied her the treatment she requests pursuant to the policy. This has allegedly resulted in Plaintiff suffering from numerous physical ailments (e.g., nausea, dizziness, headache, vomiting) and mental illness (e.g., anxiety, depression, psychological breakdown). The withholding of treatment has also caused Plaintiff to develop a "serious preoccupation with genital mutilation and self-castration" and to

---

3 Plaintiff has filed a "Motion for Feminine Form of Address and Use of Female Pronouns" (Doc. 6). The Motion is **GRANTED-in-part**. The Court and Defendants will use feminine pronouns to refer to the Plaintiff in filings with the Court. Such use is not to be taken as a factual or legal finding. The Court will grant Plaintiff's request as a matter of courtesy, and because it is the Court's practice to refer to litigants in the manner they prefer to be addressed when possible.

3

attempt "self-mutilation" of her wrist, arm, thigh, and genitals.

Plaintiff has now filed the present action alleging violations of the Eighth Amendment, the Equal Protection Clause, Georgia state law, and the "Declaration of Human Rights." After viewing the Complaint liberally and in the light most favorable to Plaintiff, the undersigned finds that Plaintiff's allegations are sufficient to allow her Eighth Amendment claims to go forward. See Kothmann v. Rosario, -- F. App'x --, 2014 WL 889638, at * (11th Cir. March 7, 2014) (recognizing Eighth Amendment claim based on prison official's refusal to provide treatment for diagnosed GID); Fields v. Smith, 653 F.3d 550, 554-55 (7th Cir. 2011) (holding that enforcement of statute preventing DOC medical personnel from providing hormone therapy to inmates with GID constituted deliberate indifference to inmates' serious medical needs).

Plaintiff's allegations do not state an equal protection claim, however. The Complaint alleges that Plaintiff is receiving disparate treatment because she did not initiate GID treatment prior to her incarceration. The Complaint does not allege any fact suggesting that Plaintiff has received disparate treatment because of a constitutionally protected interest, such as race, gender, or religion. See Jones v. Ray, 279 F.3d 944, 946–47 (11th Cir. 2001). Nor does she identify facts sufficient to state a possible "class of one" equal protection claim. See Campbell v. Rainbow City, Ala., 434 F.3d 1306, 1314 (11th Cir. 2006)).

Plaintiff's claims under O.C.G.A. § 42-4-5 and the "Declaration of Human Rights" also fail. Although O.C.G.A. § 42-4-5 does prohibit the inhumane or oppressive treatment of any inmate under the care and custody of a jailer, the statute does not provide for any civil remedy. See O.C.G.A. § 42-4-5(b); Boyd v. Nichols, 616 F.Supp.2d 1331, 1346 (M.D. Ga. 2009). The "United Nations Universal Declaration of Human Rights" is non-binding and likewise does not

4

provide a private cause of action. See Sosa v. Alvarez–Machain, 542 U.S. 692, 734–35, 124 S.Ct. 2739, 159 L.Ed.2d 718 (2004) ("the Declaration does not of its own force impose obligations as a matter of international law"); Konar v. Illinois, 327 Fed. App'x 638, 640 (7th Cir. 2009) (Declaration is "non-binding" and provides "no private rights of action.").

## CONCLUSION

Plaintiff's allegations, when liberally construed, may be sufficient to state an Eighth Amendment claim against Defendants. It is thus **ORDERED** that service be made on Defendants and that they file an Answer, or such other response as may be appropriate under Rule 12 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendants are also reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

It is **RECOMMENDED** that Plaintiff's claims asserting violations of the Equal Protection Clause (Count VII), O.C.G.A. § 42-4-5 (Count IV), and the "Declaration of Human Rights" (Count V), be **DISMISSED** for failure to state a claim. Plaintiff may serve and file written objections to the undersigned's recommendation with the district judge to whom this case is assigned within fourteen days after being served a copy of this Order. 28 U.S.C. § 636(b)(1).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff is also advised that she must diligently prosecute her Complaint or face the

possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are similarly advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., what address), when service was made, and how service was accomplished.

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of Defendants from whom discovery is sought by Plaintiff. Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. Plaintiff's deposition may be taken at any time during the time period hereinafter set out, provided that prior arrangements are made with her custodian. Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of her lawsuit under Rule 37 of the Federal Rules of Civil Procedure.

It is **ORDERED** that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by Defendants

(whichever comes first) unless an extension is otherwise granted by the Court upon a showing of good cause therefor or a protective order is sought by Defendants and granted by the Court. This 90-day period shall run separately as to each Defendant beginning on the date of filing of each Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/party. The undersigned incorporates herein those parts of the Local Rules imposing the following limitations on discovery: except with written permission of the Court first obtained, INTERROGATORIES may not exceed TWENTY-FIVE (25) to each party, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and REQUESTS FOR ADMISSIONS under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party. No party is required to respond to any request which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered in the absence of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the Court.

## DIRECTIONS TO CUSTODIAN OF PLAINTIFF

It is further **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county where she is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the Prison Litigation Reform Act, Plaintiff's

custodian is authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

Collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against her prior to the collection of the full filing fee.

## PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the Prison Litigation Reform Act, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, she shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; Plaintiff shall continue to remit monthly payments as required by the Prison Litigation Reform Act. Collection from Plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event Plaintiff is released from custody and fails to remit payments. Plaintiff's Complaint is subject to dismissal if she has the ability to make monthly payments and fails to do so.

**SO ORDERED**, this 24th day of March, 2014.

s/***THOMAS Q. LANGSTAFF***
UNITED STATES MAGISTRATE JUDGE

jlr