IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| CHRISTOPHER A. LYNCH, | : |
| Plaintiff, | : |
| VS. | : |
| | : 7 : 14-CV-24 (HL) |
| SHARON LEWIS, M.D., and BILLY NICHOLS, M.D., | : |
| Defendants. | : |

# ORDER and RECOMMENDATION

Plaintiff has filed two (2) motions seeking injunctive or declaratory relief (Docs. 5, 19), as well as a Motion to Amend her Complaint (Doc. 18). Plaintiff filed this action in 2014, asserting that she was being denied medical treatment for her transgender condition. (Doc. 1).

*Motions for injunctive relief (Docs. 5, 19)*

Plaintiff asserts that she is a transsexual who is in need of treatment, especially hormone therapy, for her Gender Identity Disorder ("GID"). (Doc. 1). Plaintiff alleges that she is suffering from symptoms including pain, nausea, dizziness, depression, and preoccupations with suicide and self-mutilation as a result of the discontinuation of her hormone therapy, which she had undertaken without the supervision of a physician. (Doc. 5). In her first motion for injunctive relief, the Plaintiff seeks the provision of regular psychotherapy and a specific hormone plan, or an evaluation by a psychiatrist and physician from outside the prison, with direction to the Defendants to follow said physicians' treatment plan. *Id.* In her second motion for injunctive relief, the Plaintiff seeks a Court Order directing Dr. Heather Harrison of Valdosta State Prison to execute an affidavit regarding the appropriate treatment for Plaintiff, and restraining the

Defendants from transferring the Plaintiff to another prison facility without certain criteria being satisfied regarding Plaintiff's safety and housing arrangements. (Doc. 19).

In order to obtain injunctive or declaratory relief, the Plaintiff must prove that: (1) there is a substantial likelihood that she will prevail on the merits; (2) she will suffer irreparable injury unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) the injunction, if issued, would not be adverse to the public interest. *Zardui-Quintana v. Richard*, 768 F.2d 1213, 1216 (11th Cir. 1985); *Snook v. Trust Co. of Georgia Bank of Savannah, N.A.*, 909 F.2d 480, 483 (11th Cir. 1990). Injunctive relief will not issue unless the conduct at issue is imminent and no other relief or compensation is available. *Cunningham v. Adams*, 808 F.2d 815, 821 (11th Cir. 1987).

A review of the Plaintiff's motions reveals an inadequate basis for the issuance of an injunctive order. In response to the Plaintiff's first motion for injunctive relief, the Defendants have submitted the affidavit of Dr. Heather Harrison, the Clinical Director at Valdosta State Prison. (Doc. 32-1). Dr. Harrison, a licensed psychologist, states that she is familiar with the Plaintiff and has "provided him with psychotherapy for his mental health issues, including gender identity disorder, on several occasions at VSP." *Id.* at ¶ 5. According to Dr. Harrison, "since his arrival at VSP, inmate Lynch has received mental health counseling and services on a frequent and regular basis from various mental health counselors and professionals for his mental health issues, including his gender identity issues. " *Id.* at ¶ 6. Dr. Harrison details her treatment of the Plaintiff, including psychotherapy for Plaintiff's transsexualism, and Plaintiff's continued denials of any urges to mutilate herself. *Id.* at ¶¶ 8-14. Dr. Harrison states that

> Inmate Lynch has not complained to me of severe physical symptoms associated with his gender identity disorder or the mental health care he is receiving for it, nor have I observed him in

> any significant physical discomfort. . . Inmate Lynch has not expressed to me, nor do his mental health records reflect, an intent to inflict serious harm upon himself. . . In my opinion, Inmate Lynch is receiving adequate and proper mental health care at VSP for his gender identity disorder and is not in danger of deteriorating health or of irreparable harm as a result of the mental health treatment he is receiving.

*Id.* at ¶¶ 15-17.

Plaintiff has not established that she is entitled to injunctive relief in regard to her requests, i.e., that there is a substantial likelihood of success on the merits or resulting irreparable harm, or that no other relief is available to address her alleged injuries. As established by Dr. Harrison's affidavit testimony, the Plaintiff is receiving mental health treatment and is routinely monitored regarding her mental status. Dr. Harrison's testimony establishes that the Plaintiff is not in danger of irreparable harm as a result of her condition or treatment, and that the Plaintiff admits she is not motivated to inflict injury on herself. Although the Plaintiff asserts that Dr. Harrison has told Plaintiff that she, Dr. Harrison, believes Plaintiff needs additional treatment, Dr. Harrison's affidavit reflects that she refused to sign an affidavit presented by the Plaintiff for her signature. (Docs. 37, 38; Doc. 32-1, ¶ 13). There is no evidence before the Court beyond Plaintiff's assertion in regard to any belief held by Dr. Harrison regarding the need for different or additional treatment.

Additionally, the Court notes that the Plaintiff has not established her entitlement to injunctive relief in the form of an order directing Dr. Harrison to sign an affidavit, or prescribing the circumstances of any transfer of the Plaintiff to another prison facility. The Plaintiff has not established any basis of possible resulting irreparable harm in regard to these requests.

Accordingly, it is the recommendation of the undersigned that Plaintiff's motions for

injunctive or declaratory relief be **DENIED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendations issued herein with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

*Motion to Amend (Doc. 18)*

In her Motion to Amend, the Plaintiff seeks to add a claim that the Defendants have acted with deliberate indifference to her serious medical needs by "conspiring to deny even an evaluation to the Plaintiff inacord [sic] with policy which is based upon professional standards of care published by the World Professional Association for Transgender Health, and thereby having provided grossly inadequate care which has prolonged the suffering of the Plaintiff." (Doc. 18). Plaintiff executed this proposed amendment on April 8, 2014, which was within 21 days of the service of her original Complaint on March 27, 2014 (Doc. 15).

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure,

> 1. ***Amending as a Matter of Course.*** A party may amend its pleading once as a matter of course within:
> **(A)** 21 days after serving it, or
> **(B)** If the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under rule 12(b), (e), or (f), whichever is earlier.

As such, the Plaintiff filed her Motion for Leave to Amend within the time period for amending as of right under Rule 15(a)(1), and the Court has no discretion to deny the Plaintiff's proposed amendment. *Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002); *Jemison v. Wise*, 2010 WL 2929692, p.3 (11th Cir. July 28, 2010). Thus, Plaintiff's Motion for Leave to Amend is **GRANTED**, the Motion for Leave to Amend is deemed to be the Amended Complaint, and the

Complaint is deemed amended as of the date the Motion for Leave to Amend was filed.   To the extent that Plaintiff adds new claims in her Amended Complaint, the Defendants shall have **21 days** from the date of this Order to file any desired supplement to their pending Motion to Dismiss to address Plaintiff's Amended Complaint.

**SO ORDERED and RECOMMENDED**, this 6th day of June, 2014.

s/ *THOMAS Q. LANGSTAFF*

UNITED STATES MAGISTRATE JUDGE