IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

CHRISTOPHER A. LYNCH,

    Plaintiff,

v.

SHARON LEWIS, M.D. and
BILLY NICHOLS, M.D.,

    Defendants.

Civil Action No. 7:14-CV-24 (HL)

## ORDER

This case is before the Court on Plaintiff's Motion for Reconsideration (Doc. 56) of the Court's June 24, 2014, Order adopting the Magistrate Judge's Report and Recommendation denying Plaintiff's motion for injunctive relief. (Doc. 51).

Local Rule 7.6 provides that "[m]otions for reconsideration shall not be filed as a matter of routine practice." M.D. Ga. L.R. 7.6. Rather, the "purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007). Courts generally grant motions for reconsideration when there is "(1) an intervening change in controlling law, (2) the availability of new evidence, and (3) the need to correct clear or manifest injustice." Id. "[A] motion for reconsideration does not provide an opportunity to simply reargue the issue the Court has once

determined." Pennamon v. United Bank, 2009 WL 2355816, at *1 (M.D. Ga. July 28, 2009) (quoting Am. Ass'n of People with Disabilities v. Hood, 278 F.Supp.2d 1337, 1340 (M.D. Fla. 2003)).

Plaintiff contends that the Court erred in denying her motion for injunctive relief, asserting that Defendants are not providing her with treatment conforming to the Standard of Care for Gender Identity Disorder ("GID") articulated by the World Professional Association for Transgender Health. Thus, she is at risk of suffering irreparable harm without the Court's intervention. The Court disagrees that it made a clear error in determining that Plaintiff did not meet her burden of persuasion in demonstrating that she will suffer irreparable harm in the absence of an injunction.

In order to establish that she is entitled to injunctive relief, Plaintiff must show (1) that there is a substantial likelihood that she will succeed on the merits of her claims; (2) that unless the Court grants injunctive relief Plaintiff will suffer irreparable injury; (3) that the threatened injury outweighs the harm the injunction will inflict on Defendants; and (4) that entry of injunctive relief will not be adverse to the public interest. Schiavo, ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225-26 (11th Cir. 2005); Seigel v. Lepore, 234 F.3d 1163, 1176 (11th Cir. 2000) (*en banc*). "'The preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant "clearly carries the burden of persuasion" as to the four prerequisites.'" Zardui-Quintana v. Richard, 768 F.2d 1213, 1216 (11th Cir.

2

1985) (quoting United States v. Jefferson County, 720 F.2d 1511, 1519 (11th Cir. 1983)).

Evidence of irreparable injury is "'the sine qua non of injunctive relief.'" Siegal, 234 F.3d at 1176 (quoting Northeastern Fla. Chapter of the Ass'n of Gen. Contractors v. City of Jacksonville, 896 F.3d 1283, 1285 (11th Cir. 1990). Accordingly, even if Plaintiff establishes a likelihood of success on the merits, "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper." Id. The alleged irreparable injury "must be neither remote nor speculative, but actual and imminent." City of Jacksonville, 896 F.3d at 1285.

In her Motion for Preliminary Injunction (Doc. 5), Plaintiff alleges that she is suffering from pain, nausea, dizziness, depression, and preoccupation with suicide and self-mutilation as a result of the discontinuation of her self-prescribed hormone therapy. She alleges that Defendants are denying her any form of treatment for her GID and requests injunctive relief to require Defendants either to provide her regular psychotherapy and hormone treatment or, in the alternative, that the Court order an evaluation by a physician outside the prison system and compliance with the recommendations of that physician.

Plaintiff claims that without the Court's intervention, her psychological symptoms will continue. She further shows the Court that she experiences a "daily battle against her depression, distress and suicidality" and that she "must

3

live the rest of her life with cuts and scars adorning her body" as a result of acts of self-mutilation that occurred at an unspecified time. (Doc. 56). Plaintiff does not show that she is at risk of any imminent threat; rather she describes long term complications from her struggles with GID. Dr. Heather Harrison, a licensed psychologist employed as the Clinical Director at Valdosta State Prison, acknowledges that Plaintiff has a diagnosis of GID. (Doc. 32-1).[1] She further shows that Plaintiff is receiving regular mental health counseling and services for bipolar disorder, post-traumatic stress disorder, polysubstance abuse, and GID. During treatment sessions, Plaintiff has denied any urges to mutilate her body, including her genitals. She also notes that Plaintiff is stable and not suicidal and does not appear to be in any significant physical discomfort.

In her request for reconsideration, Plaintiff does not offer new evidence to support her claim that if the Court does not grant an injunction and require Defendants to provide the medical treatment she requests that she will suffer irreparable harm. Rather, Plaintiff reiterates her assertion that the treatment she is receiving does not satisfy the requirements of the Standard of Care for GID. However, the question of whether or not Defendants are administering the appropriate treatment to Plaintiff to address her GID, and whether or not the failure to provide a different form of treatment amounts to deliberate indifference

---

[1] Plaintiff attached another purported affidavit of Dr. Harrison to his response to Defendants' motion to dismiss. (Doc. 50-3). This unsworn document prepared by Plaintiff does not contradict the information contained in Dr. Harrison's original sworn statement describing the treatment Plaintiff presently is receiving.

to Plaintiff's particular medical needs, is not now before the Court. Those issues will be more adequately addressed at another stage of this litigation and have no bearing on the determination of whether or not Plaintiff meets the standard for injunctive relief.

Accordingly, Plaintiff's request for reconsideration (Doc. 56) is denied.

**SO ORDERED**, this 11th day of August, 2014.

                           *s/ Hugh Lawson*_____
                           **HUGH LAWSON, SENIOR JUDGE**

aks