**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

CHRISTOPHER A. LYNCH,                    |
                                         |
                          Plaintiff,     |        Civil Action No.:
             v.                          |        7:14-CV-0024-HL-TQL
                                         |
SHARON LEWIS, M.D., and                  |
BILLY NICHOLS, M.D.,                     |
                                         |
                          Defendants.    |

_____

### ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT
_____

COME NOW Sharon Lewis, M.D., and Billy Nichols, M.D., defendants in the

above-entitled action ("Defendants"), by and through the Attorney General of the State of

Georgia, and file these Defenses and Answer to Plaintiff's Complaint (Doc. 1) as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim for which relief can be granted.

### SECOND DEFENSE

Defendants in their individual capacities are entitled to qualified immunity from

suit and liability under the facts of this case.

### THIRD DEFENSE

To the extent that Plaintiff is suing Defendants in their official capacities,

Defendants are entitled to Eleventh Amendment and sovereign immunity.

### FOURTH DEFENSE

Defendants, sued in their official capacities, cannot be considered "persons"

within the meaning of 42 U.S.C. § 1983.

**FIFTH DEFENSE**

To the extent that Plaintiff's claims against Defendants are based solely on a theory of *respondeat superior* or vicarious liability, it is not actionable under 42 U.S.C. §1983.

**SIXTH DEFENSE**

Defendants deny that Plaintiff has been subjected to the deprivation of any rights, privileges, or immunities secured by the Constitution or laws of the United States.

**SEVENTH DEFENSE**

Plaintiff's claims fail to demonstrate that Defendants exhibited a deliberate indifference to a serious medical need in violation of Plaintiff's Eighth Amendment rights.

**EIGHTH DEFENSE**

Plaintiff's injuries, if any, were not proximately caused by any action or omission of the Defendants.

**NINTH DEFENSE**

Defendants deny that Plaintiff sustained a physical injury such that he is entitled to compensatory or punitive damages pursuant to 42 U.S.C. section 1997e(e).

**TENTH DEFENSE**

Defendants deny that Plaintiff is entitled to injunctive relief, damages, or any relief whatsoever.

## ELEVENTH DEFENSE

Defendants reserve the right to raise any additional defenses allowed by law as evidence is discovered in pursuit of this litigation.  Without waiving any of the above defenses and in answer to Plaintiff's Complaint, Defendants state as follows:

## I.  GENERAL INFORMATION

### 1.

Defendants admit that Christopher A. Lynch is the Plaintiff in this lawsuit and that her[1] Georgia Department of Corrections (GDC) prisoner identification number is 1000768589.

### 2.

Defendants admit that Plaintiff is currently confined at Valdosta State Prison ("VSP") and that the mailing address of the same is P.O. Box 310, Valdosta, GA 31603.

### 3.

Defendants admit that prison records indicate that Plaintiff is serving a 20-year sentence for Pimping a Minor Under 18, Pandering by Compulsion, Sexual Exploitation of a Child, and Attempted Armed Robbery, that such convictions arose out of Douglas and DeKalb Counties in Georgia, and that his maximum possible release date is on or about March 1, 2025.  Defendants lack knowledge or information sufficient to admit or deny the remaining allegations contained in this paragraph and, therefore, deny the same.

---

[1] The Court has instructed Defendants to use feminine pronouns when referring to Plaintiff in filings with the Court.  (Doc. 11, p. 3 n. 3).

## II.  PREVIOUS LAWSUITS

### 4.

Defendants lack knowledge or information sufficient to admit or deny the allegations contained in this paragraph and, therefore, deny the same.

### 5.

This paragraph does not contain any allegations by Plaintiff and therefore does not require a response from Defendants.  To the extent that a response is required, Defendants lack knowledge or information sufficient to admit or deny any allegations contained therein and, therefore,deny the same.

## III.  PRESENT CONFINEMENT

### 6.

Defendants admit that Plaintiff is currently confined at VSP and that prison records indicate that Plaintiff has been confined at VSP since July 23, 2013.  Defendant admit further that VSP maintains a grievance procedure and that prison records indicate that Plaintiff presented her complaint in a grievance, that the grievance was denied by Warden Allen, that Plaintiff appealed the denial to the Central Office, and that Plaintiff's appeal was denied. Defendants lack knowledge or information sufficient to admit or deny any remaining allegations in this paragraph and, therefore, deny the same.

### 7.

Defendants admit that prison records indicate that Plaintiff was confined at Central State Prison from approximately June 5, 2012 to December 3, 2012, at Jenkins Correctional Center from approximately December 4, 2012, to March 25, 2013, at

Johnson State Prison from approximately March 26, 2013, to July 17, 2013, and at

Valdosta State Prison from approximately July 23, 2013 to the present.

## IV.  PARTIES TO THIS LAWSUIT

### 8.

This paragraph does not contain any allegations by Plaintiff and therefore does not

require a response from Defendants.  To the extent that a response is required,

Defendants lack knowledge or information sufficient to admit or deny any allegations

contained therein and, therefore, deny the same.

### 9.

Defendants admit that Sharon Lewis, M.D. is a defendant in this lawsuit and is

currently the Statewide Medical Director for the Georgia Department of Corrections

("GDC").  Defendants admit further that Billy Nichols, M.D. is a defendant in this

lawsuit and is a Medical Director with Georgia Correctional Healthcare, a division of

Georgia Regents University.  Defendants deny that the GDC is a defendant in this action

and admit that GDC has an office located at 300 Patrol Road in Forsyth, Georgia.

## V.  STATEMENT OF CLAIM

Defendants have insufficient knowledge either to admit or deny whether "the

incident [Plaintiff] is complaining about" occurred at VSP or whether such incident

occurred "between July 23 – present" and, therefore, deny the same.

## INTRODUCTION

With respect to the first unnumbered paragraph under the heading, "Introduction,"

Defendants admit that the plaintiff in this action is Christopher A. Lynch.  Defendants

have insufficient knowledge either to admit or deny whether Plaintiff's "a/k/a" is "Christina" and whether Plaintiff is a "Dr." and, therefore, deny the same.

With respect to the second unnumbered paragraph under the heading, "Introduction," Defendants admit that Plaintiff's prison records indicate that Plaintiff's year of birth is 1990 and that she is currently incarcerated at VSP.  Defendants admit further that Plaintiff's medical records indicate that she identifies herself as a transsexual inmate.  Defendants have insufficient knowledge either to admit or deny the remaining allegations contained in this paragraph and, therefore, deny the same.

With respect to the third unnumbered paragraph under the heading, "Introduction," Defendants admit that Standard Operating Procedure VH47-0006 pertains to transgender inmates.  Defendants deny that Plaintiff has been "denied any and all care for GID simply because [she] had not been receiving such care, officially, prior to [her] imprisonment." Defendants admit that they make decisions regarding the initiation of hormone therapy at GDC.  Defendants respond further that the allegation that any such decision was based upon "an unconstitutional Georgia Department of Corrections' policy maintained by Drs. Lewis and Nichols" amounts to a legal conclusion; therefore, no response is required by Defendants.  Defendants have insufficient knowledge either to admit or deny the remaining allegations contained in this paragraph and, therefore, deny the same.

## MEDICAL FACTS

With respect to the first unnumbered paragraph under the heading, "Medical Facts," to the extent Plaintiff's allegation that Gender Identity Disorder "is a serious medical condition" amounts to a legal conclusion, no response is required from

Defendants.  To the extent a response is required, Defendants state that, under certain circumstances and in certain individuals, Gender Identity Disorder can amount to a serious medical condition.  Defendants admit, based on information and belief, that the American Psychiatric Association utilizes the term "Gender Dysphoria" for the condition it previously referred to as "Gender Identity Disorder."  Defendants respond further that they have insufficient knowledge or information to admit or deny whether Plaintiff's apparent quotation of and citation to an unnamed writing, individual, organization or other source in the last sentence of this paragraph is accurate and, therefore, deny the same.

With respect to the second unnumbered paragraph under the heading, "Medical Facts," Defendants have insufficient knowledge or information to admit or deny whether Plaintiff's apparent quotation of and citation to an unidentified "enumeration" of the American Medical Association is accurate and, therefore, deny the same.

With respect to the third unnumbered paragraph under the heading, "Medical Facts," Defendants have insufficient knowledge or information to admit or deny the allegations contained therein, as Plaintiff does not indicate to whom or what he is referring when averring that the stated information has been "acknowledged" and "considered," and, therefore, deny the same.

**COMPLAINT IN FULL**

With respect to the first unnumbered paragraph under the heading, "Complaint in Full," Defendants admit that prison records indicate that Plaintiff arrived at VSP on July 23, 2013.  Defendants respond further by admitting that medical records corresponding to Plaintiff's stay at Johnson State Prison and prior to her arrival at VSP indicate that

Plaintiff communicated to mental health staff an interest in supportive therapy and in seeing a psychiatrist regarding gender issues and that psychiatrist Dr. McKinnon indicated that he "strongly suspects Gender Identity Disorder" in Plaintiff.  Defendants admit that medical records indicate that Plaintiff sought care for Gender Identity Disorder and deny that a "usual treatment plan" exists for all individuals with such condition.

With respect to the second unnumbered paragraph under the heading, "Complaint in Full," Defendants have insufficient knowledge or information to admit or deny whether Plaintiff spoke with "many different prison staff" who are not identified by name and, therefore, deny the same.   By way of further response, Defendants admit that prison records indicate that Plaintiff interacted with and received services from various members of the medical and mental health staffs at VSP, including Kelvin McCoy and Dr. Raymond Moody.  Defendants have insufficient knowledge or information to admit or deny whether Plaintiff "always talked about" the issues set forth in this paragraph, whether she "begged for help," whether she "sought only the necessary forms of care," and what she "believed" as far as her physical condition and, therefore, deny the same.

With respect to the third unnumbered paragraph under the heading, "Complaint in Full," Defendants admit that prison records indicate that she filed a grievance on August 5, 2013, which was denied by Warden Allen on August 28, 2013, and was subsequently appealed by Plaintiff.  Defendants have insufficient knowledge or information to admit or deny whether, on August 9, 2013, Mr. McCoy "told [Plaintiff] that Drs. Billy Nichols and Sharon Lewis made the decision not to permit [her] to be treated for GID" and, therefore, deny the same.  By way of further response Defendants state that mental health records corresponding to August 9, 2013, indicate that Mr. McCoy gave Plaintiff information

regarding services for and policies regarding transsexual inmates and informed Plaintiff that Dr. Moody is under the direction of Dr. Billy Nichols. Defendants deny the remaining allegations contained in this paragraph.

With respect to the fourth unnumbered paragraph under the heading, "Complaint in Full," Defendants have insufficient knowledge or information to admit or deny the allegations contained therein, including what Dr. Moody stated to Plaintiff on August 15, 2013, and, therefore, deny the same.

With respect to the fifth unnumbered paragraph under the heading, "Complaint in Full," Defendants admit that that Plaintiff was seen by members of the mental health and medical staffs between August 20, 2013, and September 25, 2013.  Defendants admit further that prison records indicate that she filed a grievance on August 5, 2013, which was denied by Warden Allen on August 28, 2013, and was subsequently appealed by Plaintiff.  Defendants lack sufficient information or knowledge to admit or deny if Plaintiff wrote letters to them on August 20, 2013, and September 25, 2013, and, therefore, deny the same.  Regarding the contents of letters Plaintiff purports to have written to Defendants, Defendants respond that the letters speak for themselves. Defendants deny any remaining allegations in this paragraph.

With respect to the sixth unnumbered paragraph under the heading, "Complaint in Full,"  Defendants admit that medical and mental health records indicate that Plaintiff sought care and treatment for Gender Identity Disorder.  Defendants respond further by denying that medical records indicate that Plaintiff was "reviewed due to [her] high risk for genital mutilation, self-harm and suicide attempts."  Defendants have insufficient

knowledge or information to admit or deny the remaining allegations in this paragraph and, therefore, deny the same.

With respect to the seventh unnumbered paragraph under the heading, "Complaint in Full," Defendants admit that a response to Plaintiff's appeal of a denial of grievance number 154502 was completed on or about October 29, 2013, and that Plaintiff acknowledged receipt of the appeal response on March 3, 3014.  Defendants further admit that Plaintiff was not prescribed hormone therapy.  Defendants deny the remaining allegations in this paragraph.

With respect to the eighth unnumbered paragraph under the heading, "Complaint in Full," Defendants have insufficient knowledge or information to admit or deny Plaintiff's subjective feelings and beliefs and, therefore, deny the same.  Defendants respond further by denying the remaining allegations contained in this paragraph, including any legal conclusions and any allegations of wrongdoing, and dening that Plaintiff is entitled to any relief at law or in equity.

With respect to the ninth unnumbered paragraph under the heading, "Complaint in Full," Defendants have insufficient knowledge or information to admit or deny Plaintiff's subjective desires, motivations, and beliefs and, therefore, deny the same. Defendants respond further by denying any remaining allegations contained in this paragraph, including any legal conclusions and any allegations of wrongdoing, and denying that Plaintiff is entitled to any relief at law or in equity.

## COUNT I

The allegations contained in this paragraph constitute legal arguments or opinions; therefore, no response is required from Defendants.  To the extent that a

response is nonetheless required, Defendants deny the allegations contained therein, including any legal conclusions and any allegations of wrongdoing, and deny that Plaintiff is entitled to any relief at law or in equity.

## COUNT II

The allegations contained in this paragraph constitute legal arguments or opinions; therefore, no response is required from Defendants.  To the extent that a response is nonetheless required, Defendants deny the allegations contained therein, including any legal conclusions and any allegations of wrongdoing, and deny that Plaintiff is entitled to any relief at law or in equity.

## COUNT III

The allegations contained in this paragraph constitute legal arguments or opinions; therefore, no response is required from Defendants.  To the extent that a response is nonetheless required, Defendants deny the allegations contained therein, including any legal conclusions and any allegations of wrongdoing, and deny that Plaintiff is entitled to any relief at law or in equity.

## COUNT IV

Count IV of Plaintiff's Complaint was dismissed by the Court and is no longer part of Plaintiff's lawsuit against Defendants.  (Docs. 11, 27.)  In light of such dismissal, Defendants are not required to respond to the allegations contained in this paragraph.  To the extent a response is required, Defendants state that the allegations contained in this paragraph constitute legal arguments or opinions; therefore, no response is warranted.  To the extent that a response is nonetheless required, Defendants deny the allegations

contained therein, including any legal conclusions and any allegations of wrongdoing, and deny that Plaintiff is entitled to any relief at law or in equity.

## COUNT V

Count V of Plaintiff's Complaint was dismissed by the Court and is no longer part of Plaintiff's lawsuit against Defendants. (Docs. 11, 27.) In light of such dismissal, Defendants are not required to respond to the allegations contained in this paragraph. To the extent a response is required, Defendants state that the allegations contained in this paragraph constitute legal arguments or opinions; therefore, no response is warranted. To the extent that a response is nonetheless required, Defendants deny the allegations contained therein, including any legal conclusions and any allegations of wrongdoing, and deny that Plaintiff is entitled to any relief at law or in equity.

## COUNT VI

The allegations contained in this paragraph constitute legal arguments or opinions; therefore, no response is required from Defendants. To the extent that a response is nonetheless required, Defendants deny the allegations contained therein, including any legal conclusions and any allegations of wrongdoing, and deny that Plaintiff is entitled to any relief at law or in equity.

## COUNT VII

Count VII of Plaintiff's Complaint was dismissed by the Court and is no longer part of Plaintiff's lawsuit against Defendants. (Docs. 11, 27.) In light of such dismissal, Defendants are not required to respond to the allegations contained in this paragraph. To the extent a response is required, Defendants state that the allegations contained in this paragraph constitute legal arguments or opinions; therefore, no response is warranted. To

the extent that a response is nonetheless required, Defendants deny the allegations contained therein, including any legal conclusions and any allegations of wrongdoing, and deny that Plaintiff is entitled to any relief at law or in equity.

## 11.

Defendants have insufficient knowledge or information to admit or deny whether Plaintiff believes the individuals listed in this paragraph were "witness[es] to the incident(s) [she] complain[s] about" and, therefore, deny the same.

## 12(a) – (j).

The allegations contained in this paragraph purport to describe the relief sought by Plaintiff and do not require a response from Defendants. To the extent a response is required, Defendants deny all allegations contained therein and deny that Plaintiff is entitled to recover from Defendants in this case in equity or at law.

With respect to the three pages attached to Plaintiff's Complaint and which appear to be unauthenticated medical records (Doc. 1, pp. 14-16), Defendants state that no response is required and that the documents speak for themselves.

With respect to the six pages attached to Plaintiff's Complaint and which appear to constitute an unauthenticated magazine article (Doc. 1, pp. 17-22), Defendants state that no response is required and that the document speaks for itself.

## EXHIBITS A-P

With respect to the 22 pages attached to Plaintiff's Complaint as Exhibits A through P and which appear to consist of a variety of unauthenticated documents, including prison records, a "witness statement," and numerous hand-written letters (Doc.

1-1), Defendants state that no response is required and that the documents speak for themselves.

**PLAINTIFF'S AFFIDAVIT** (Doc. 1-2, pp. 1-10)

With respect to the first two unnumbered paragraphs in this section of Plaintiff's Complaint, Defendants have insufficient knowledge or information to admit or deny the allegations contained therein and, therefore, deny the same.

**1.**

Defendants admit that prison records indicate that Plaintiff was transferred to VSP on July 23, 2013, from Augusta State Medical Prison ("ASMP"), where she was housed from July 18, 2013, to July 23, 2013, while receiving medical care.  Defendants admit further that prison records indicate that Plaintiff was housed at Johnson State Prison from April 18, 2013, to July 18, 2013.  Defendants admit further that medical records indicate that, while at ASMP, Plaintiff underwent testing, including a lower extremity Doppler venous evaluation, to investigate complaints of leg pain.  Defendants have insufficient knowledge or information to admit or deny what Plaintiff "learned" "upon departing ASMP" and what Plaintiff "believed" regarding his medical condition and, therefore, deny the same.  Defendants deny any remaining allegations contained in this paragraph.

**2.**

Defendants admit that medical records indicate that Plaintiff was enrolled in the Chronic Illness Clinic ("CIC") for monitoring and treatment as needed for a history of seizures and asthma and that Plaintiff was seen by Dr. Moody in connection with the same.  Defendants admit further that medical records indicate that Plaintiff spoke to Dr. Moody about GID, that Plaintiff indicated a desire for hormones, and that Plaintiff

14

referenced a "Dr. Bill Hogan," whom Plaintiff indicated was deceased, in connection

with her alleged receipt of hormones prior to incarceration.  Defendants have insufficient

knowledge or information to admit or deny the remaining allegations contained in this

paragraph and, therefore, deny the same.

**3.**

Defendants admit that prison records indicate that Dr. Moody expressed the

opinion that the absence of hormones would not cause various symptoms of which

Plaintiff complained.  Defendants admit further that prison records indicate that Plaintiff

submitted a Health Services Request Form dated August 5, 2013, in which he requested

to be seen "for pain and vomiting, nausea, dizziness and headaches, and bad acid reflux,"

and that Plaintiff filed a grievance in which she complained of similar conditions.

Defendants deny that Plaintiff mentioned "hot sweats," "depression, anxiety, lethargy and

suicidal preoocupation, including the self-castration of [her] testcles and penis," in her

August 5, 2013, Health Services Request Form or in her grievance.  Defendants have

insufficient knowledge or information to admit or deny the remaining allegations as

stated in this paragraph and, therefore, deny the same.  By way of further response,

Defendants state that medical records indicate that, at a psychiatric evaluation on August

7, 2013, Plaintiff indicated that she wanted to be referred for an evaluation for Gender

Identity Disorder, and that Plaintiff was seen for a nursing assessment on August 6, 2013,

to address complaints of pain in her legs, lower back and center of the chest, vomiting,

nausea, dizziness, headaches, and reflux.

**4.**

Defendants admit that medical records indicate that Plaintiff was seen by Gloria Frazier, R.N., on August 6, 2013, that Plaintiff described her symptoms as pain in her legs, lower back and center of the chest, vomiting, nausea, dizziness, headaches, and reflux, and that Plaintiff was referred for a routine medical visit on August 15, 2013. Defendants have insufficient knowledge or information to admit or deny the remaining allegations contained in this paragraph and, therefore, deny the same.

**5.**

Defendants admit that medical records indicate that Plaintiff was seen by Dr. Roman, a psychiatrist, on August 7, 2013.   Defendants have insufficient knowledge or information to admit or deny the remaining allegations as stated in this paragraph and, therefore, deny the same.  By way of further response, Defendants state that medical records indicate that, during her visit with Dr. Roman, Plaintiff expressed a desire to be referred for an evaluation for Gender Identity Disorder and indicated that she believes she is a female "caught" in a male body.

**6.**

Defendants have insufficient information to admit or deny the allegations in this paragraph and, therefore, deny the same.

**7.**

Defendants admit that medical records indicate that, during Plaintiff's visit with Dr. Roman on August 7, 2013, she requested to be referred for an evaluation for Gender Identity Disorder and that a "note by Dr. McKinnon of 6-19-13 at Johnson S.P." was referenced in the medical record corresponding to the visit.  Defendants admit further that

medical records indicate that Dr. Roman referred Plaintiff to counseling for his Gender
Identity Disorder.  Defendants have insufficient information to admit or deny the
remaining allegations in this paragraph and, therefore, deny the same.

## 8.

Defendants admit that medical records indicate that Plaintiff met with mental
health counselor Kelvin McCoy on August 9, 2013.  Defendants have insufficient
knowledge or information to admit or deny whether the statements Plaintiff attributes to
herself and to Mr. McCoy were made and, therefore, deny the same.  By way of further
response, Defendants state that medical records indicate that Mr. McCoy informed
Plaintiff of information gathered by him and Dr. Moody regarding services for Gender
Identity Disorder and informed Plaintiff that Dr. Moody works under the direction of Dr.
Billy Nichols.  Defendants have insufficient knowledge or information to admit or deny
what Plaintiff contends, without citation to a particular source, the American Psychiatric
Association "has found" and, therefore, deny her allegations regarding the same.
Defendants deny any remaining allegations in this paragraph.

## 9.

Defendants have insufficient knowledge or information to admit or deny whether
statements Plaintiff claims to have made to Mr. McCoy were actually made and,
therefore, deny the same.  By way of further response, Defendants state that medical
records corresponding to Plaintiff's August 9, 2013, visit with Mr. McCoy indicate that
Mr. McCoy noted "anxiety, irritability, depression, and impulsivity," noted no suicidal
ideations, and do not reflect any reported ideations of self-harm.

**10.**

Defendants have insufficient knowledge or information to admit or deny the allegations contained in this paragraph and, therefore, deny the same.

**11.**

Defendants lack sufficient knowledge or information to admit or deny whether Plaintiff mailed out letters on August 20, 2013, and, therefore, deny the same.  Regarding the contents of letters and an "indigent mail receipt" referenced in this paragraph, Defendants respond that the documents speak for themselves.

**12.**

Defendants admit that Plaintiff's prison records contain a letter dated August 29, 2013, which purports to be from Plaintiff to Mr. McCoy and contains a request that Mr. McCoy "write a statement concerning [Plaintiff's] problem."  Defendants admit further that Plaintiff's prison records contain a letter dated September 2, 2013, which purports to be from Plaintiff to Mr. McCoy and contains a request to see a psychiatrist and a reference to depression and "self-castration nightmares/dreams." Defendants admit further that Plaintiff's prison records contain a letter dated September 3, 2013, which purports to be from Plaintiff to Mr. McCoy and which contains a request that an entry be made in Plaintiff's file that she has asked "on several (at least 3) occasions to be evaluated for GID and provided psychotherapies."  Defendants have insufficient knowledge or information to admit or deny the remaining allegations contained in this paragraph and, therefore, deny the same.

**13.**

Defendants admit that medical records indicate that Plaintiff met with Dr. Moody on September 5, 2013, that she complained of acid reflux, that Zantac was prescribed, that psychotherapy and hormones were mentioned, and that Plaintiff requested "an order to have bras."  Defendants have insufficient knowledge or information to admit or deny the remaining allegations contained in this paragraph and, therefore, deny the same.

**14.**

Defendants have insufficient knowledge or information to admit or deny the allegations contained in this paragraph and, therefore, deny the same.

**15.**

Defendants have insufficient knowledge or information to admit or deny the allegations contained in this paragraph and, therefore, deny the same.

**16.**

Defendants have insufficient knowledge or information to admit or deny the allegations contained in this paragraph and, therefore, deny the same.

**17.**

Defendants admit that prison records indicate that Plaintiff received a response to grievance number 154502 on or about September 9, 2013, and that Plaintiff submitted an appeal of the denial on or about September 16, 2013.  Defendants have insufficient knowledge or information to admit or deny the remaining allegations contained in this paragraph and, therefore, deny the same.

**18.**

Defendants admit that medical records indicate that Plaintiff met with Mr. McCoy on September 16, 2013, for an individual counseling session.  Defendants have insufficient knowledge or information to admit or deny the remaining allegations contained in this paragraph and, therefore, deny the same.

**19.**

Defendants lack sufficient knowledge or information to admit or deny whether Plaintiff mailed out letters to Defendants on September 23, 2013, and, therefore, deny the same.  Defendants admit that medical records indicate that Plaintiff was seen by Dr. Roman, a psychiatrist, on September 23, 2013, and that Dr. Roman referred Plaintiff to psychologist Dr. Harrison.  Defendants have insufficient knowledge or information to admit or deny the remaining allegations contained in this paragraph and, therefore, deny the same.  By way of further response, Defendants state that medical records indicate that Plaintiff stated to Dr. Roman that she is "caught in the wrong body" and further indicate that Plaintiff reported no suicidal intent, no self-injurious thoughts, and no serious depression to Dr. Roman.

**20.**

Defendants admit that medical records indicate that Plaintiff was seen by Dr. Harrison on October 1, 2013, that "recent self-mutilation by a transsexual inmate" was discussed, and that Dr. Harrison noted "gender identity issues." Defendants have insufficient knowledge or information to admit or deny the remaining allegations in this paragraph and, therefore, deny the same.  By way of further response, Defendants state the medical records indicate that, during their October 1, 2013 session, Plaintiff assured

Dr. Harrison that she had no intention of harming herself and denied any suicidal

ideation, that Plaintiff was resistant to psychotherapy, and that Dr. Harrison informed

Plaintiff that she should return for additional psychotherapy if she changed her mind.

**21.**

Defendants have insufficient knowledge or information to admit or deny whether

Plaintiff requested a copy of her mental health records on October 7, 2013, and, therefore,

denies the same.  Defendants admit that mental health records indicate that Plaintiff met

with mental health counselor DeWeese on October 8, 2013.  Defendants have insufficient

knowledge or information to admit or deny the remaining allegations contained in this

paragraph, including Plaintiff's subjective feelings and motivations, and, therefore, deny

the same.  By way of further response, Defendants state that the mental health record

corresponding to Plaintiff's October 8, 2013, visit with Ms. DeWeese indicates that

Plaintiff was referred to her "for being upset" and that Ms. DeWeese did not note any

"healing cuts" or indications of self-harm behaviors by Plaintiff.

**22.**

Defendants have insufficient knowledge or information to admit or deny the

allegations contained in this paragraph and, therefore, deny the same.  By way of further

response, Defendants state that prison records indicate that Plaintiff filed grievance

number 154502 regarding medical treatment for gender dysphoria on August 5, 2013, the

grievance was denied on August 28, 2013, an appeal was received from Plaintiff on

September 16, 2013, and the appeal was denied on October 29, 2013.

**23.**

Defendants admit that mental health records indicate that Plaintiff was seen by Dr. Harrison on December 19, 2013.  Defendants have insufficient knowledge or information to admit or deny the remaining allegations in this paragraph and, therefore, deny the same.

**24.**

Defendants admit that prison records indicate that a response to Plaintiff's appeal of the denial of grievance number 154502 was completed on October 29, 2013, and that Plaintiff acknowledged receipt of the same on March 3, 2014.


With respect to the three pages attached to Plaintiff's Complaint and which appear to constitute an unauthenticated prison policy (Doc. 1-2, pp. 11-13), Defendants state that no response is required and that the document speaks for itself.

**PLAINTIFF'S FIRST DECLARATION** (Doc. 1-3, p. 1)

Defendants have insufficient knowledge or information to admit or deny the allegations contained in this attachment to Plaintiff's Complaint and, therefore, deny the same.

**PLAINTIFF'S SECOND DECLARATION** (Doc. 1-3, p. 2)

Defendants have insufficient knowledge or information to admit or deny Plaintiff's subjective feelings and beliefs as set forth in this attachment to Plaintiff's Complaint and, therefore, deny the same.  By way of further response, Defendants state that Plaintiff's medical records indicate that Plaintiff has complained to medical personnel of pain in her chest, back, and legs, nausea, acid reflux, vomiting, dizziness,

headaches, depression, and anxiety, and has indicated to medical professionals that she

has thought about self-castration but stated she "would never do it."

### PLAINTIFF'S THIRD DECLARATION (Doc. 1-3, pp. 3-4)

To the extent Plaintiff's allegations concern the contents of letters purportedly

sent to Defendants, unauthenticated copies of which Plaintiff appears to contend are

attached to her Complaint, Defendants respond that the documents speak for themselves

and that no response to such allegations is required.  Defendants respond further that they

lack sufficient information or knowledge regarding whether or on what date letters were

"mailed out from Valdosta State Prison" and, therefore, deny the same. Defendants deny

that Plaintiff "ha[s] received absolutely no care whatsoever, not psychotherapy or

hormone therapy" and deny the remaining allegations contained in this attachment to

Plaintiff's Complaint.

### PLAINTIFF'S FOURTH DECLARATION (Doc. 1-3, pp. 5-6)

With respect to the first unnumbered paragraph in this attachment to Plaintiff's

Complaint, Defendants admit that Plaintiff was seen by psychologist Dr. Harrison on

October 1, 2013, and deny as written Plaintiff's remaining allegations concerning such

meeting.  By way of further response, Defendants state that medical records indicate that

the appointment was the result of a referral by Dr. Roman, that "recent self-mutilation by

a transsexual" was discussed, and that Plaintiff "assured" Dr. Harrison that she "had no

intention of harming [her]self."  Defendants respond further that they have insufficient

knowledge or information to admit or deny the remaining allegations contained in this

paragraph, including Plaintiff's subjective beliefs, feelings, intentions, and thoughts, and,

therefore, deny the same.

**PLAINTIFF'S FIFTH DECLARATION** (Doc. 1-3, pp. 7-8)

With respect to the first unnumbered paragraph in this attachment to Plaintiff's Complaint, Defendants deny the allegations contained therein.

With respect to the second unnumbered paragraph in this attachment to Plaintiff's Complaint, Defendants admit that Dr. Lewis and Dr. Nichols have not physically examined Plaintiff.  Defendants respond further that, to the extent Plaintiff's allegation that Gender Identity Disorder is a "serious medical condition" amounts to a legal conclusion, no response is required from Defendants.  To the extent a response is required, Defendants state that, under certain circumstances and in certain individuals, Gender Identity Disorder can amount to a serious medical condition.  Defendants deny that Plaintiff has not been examined by "any physician or psychiatrist to determine whether [she] need[s] care and if so, at what standard," and deny the remaining allegations contained in this paragraph.

**PLAINTIFF'S SIXTH DECLARATION** (Doc. 1-3, pp. 9-10)

With respect to the first unnumbered paragraph in this attachment to Plaintiff's Complaint, Defendants admit that prison records indicate that she was in Tier 1 at VSP on November 20, 2013, after a failure to follow rules and that such housing is more restrictive than housing in general population.  Defendants have insufficient knowledge or information to admit or deny the remaining allegations contained in this paragraph, including Plaintiff's subjective feelings and beliefs, and, therefore, deny the same.

With respect to the second unnumbered paragraph in this attachment to Plaintiff's Complaint, Defendants deny that Plaintiff "attempted suicide by exsanguination" on November 20, 2013, by "cut[ting] [her] left arm (76) seventy-six times."   By way of

further response, Defendants state that medical records corresponding to a nursing assessment of Plaintiff on November 20, 2013, indicate that Plaintiff was diagnosed with multiple self-inflicted "scratches" on his left forearm which were described as "extremely shallow," and that mental health records corresponding to the same date indicate that Plaintiff reported no suicidal ideations to mental health professionals who met with him, reporting that his chief problem was with his roommate.  Defendants respond further that they have insufficient knowledge or information to admit or deny the remaining allegations contained in this paragraph, including Plaintiff's subjective feelings, intentions, and thoughts, and, therefore, deny the same.

With respect to the third unnumbered paragraph in this attachment to Plaintiff's Complaint, Defendants admit that medical records indicate that Plaintiff was treated by a nurse on November 20, 2013.  Defendants deny as written the remaining allegations in this paragraph concerning the nurse assessment received by Plaintiff on November 20, 2013.  By way of further response, Defendants state that Plaintiff was diagnosed with multiple self-inflicted "scratches" on his left forearm, which were described as "extremely shallow" and were treated with a mild antiseptic.  Defendants have insufficient knowledge or information to admit or deny the remaining allegations contained in this paragraph, including Plaintiff's subjective feelings, intentions, and thoughts, and, therefore, deny the same.  By way of further response, Defendants state that mental health records indicate that mental health professionals who assessed Plaintiff on November 20, 2013, noted that her chief complaint was a problem with her roommate, that she had no suicidal ideation, and that her "minor" self-injurious behavior "was not associated with a serious illness and was goal-directed."

With respect to the fourth unnumbered paragraph in this attachment to Plaintiff's Complaint, Defendants deny that they "will not treat" Plaintiff. Defendants have insufficient knowledge or information to admit or deny the remaining allegations contained in this paragraph, including Plaintiff's subjective feelings, intentions, and thoughts, and, therefore, deny the same. By way of further response, Defendants state that medical records do not indicate an attempted self-castration by Plaintiff since she was seen for a nursing assessment on November 20, 2013, and that mental health records indicate that Plaintiff is monitored regularly for suicidal ideations and thoughts of self-injurious behaviors.

## DECLARATION OF RANDY OLLIE TOOLE

Defendants admit that an individual named Randy Ollie Toole, Jr. is incarcerated at GDC and has a GDC identification number of 1299080. Defendants lack sufficient knowledge or information to admit or deny the allegations contained in this attachment to Plaintiff's Complaint, including the alleged beliefs, opinions, observations, and conversations of Mr. Toole, and therefore, deny the same.

## SECOND DECLARATION OF RANDY OLLIE TOOLE

Defendants admit that an individual named Randy Ollie Toole, Jr. is incarcerated at GDC and has a GDC identification number of 1299080. Defendants lack sufficient knowledge or information to admit or deny the allegations contained in this attachment to Plaintiff's Complaint, including the alleged beliefs, opinions, observations, and conversations of Mr. Toole, and therefore, deny the same.

Anything not specifically admitted, denied, or otherwise responded to is hereby denied, including all attached sheets containing any alleged claim against Defendants.

## DEMAND FOR JURY TRIAL

Pursuant to the Federal Rules of Civil Procedure, Defendants hereby demand a jury trial on all issues triable by a jury.

Respectfully submitted this 6th day of April, 2015,

|  |  |  |
|---|---|---|
| Samuel S. Olens | 551540 | |
| Attorney General | | |
| | | |
| Kathleen Pacious | 558555 | |
| Deputy Attorney General | | |
| | | |
| Devon Orland | 554301 | |
| Sr. Assistant Attorney General | | |
| | | |
| s/ *Deborah Nolan Gore* | 437340 | |
| Assistant Attorney General | | |

Department of Law
40 Capitol Square, S.W.
Atlanta, GA  30334
Tel: (404) 463-8850
Fax: (404) 651-5304
Email: dgore@law.ga.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I electronically filed **ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT** with the Clerk of Court using the CM/ECF system and served the same on Plaintiff by depositing a copy thereof, postage prepaid, in the United States Mail, properly addressed to the following:

Christopher Lynch
GDC # 1000768589
Valdosta State Prison
P.O. Box 310
Valdosta, GA 31603

This 6th day of April, 2015.

/s/ Deborah Nolan Gore
Georgia Bar No. 437340
Asst. Attorney General
Attorney for Defendant